# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY R. SWAIN, and MELISSA SWAIN,<br><br>Plaintiffs,<br><br>vs.<br><br>DR. GABRIEL CARDENAS, JR. D.P.M.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Cause No. 3:20-cv-00745-GCS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiffs Jeremy and Melissa Swain bring suit against Defendant Dr. Gabriel Cardenas, JR., D.P.M. alleging that Defendant was professionally negligent by failing to provide the skill and care ordinarily used by a reasonably well-qualified healthcare professional. Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 5). Specifically, Defendant argues that Plaintiff executed an Affidavit and attached a Certificate of Merit that failed to comply with the provisions of 735 ILCS § 5/2-622. For the reasons delineated below, the Court **GRANTS** Defendant's motion to dismiss with leave to amend the Certificate of Merit.

### FACTUAL BACKGROUND

Plaintiffs allege in their complaint that Defendant performed surgery on Plaintiff Jeremy Swain's right foot on September 7, 2018. (Doc. 1, ¶ 8). Shortly after the surgery, Swain suffered from severe pain in the foot that was surgically treated, and he returned to see Defendant. (Doc. 1, ¶ 9-10). Defendant advised that the foot should be monitored

for a couple more weeks. (Doc. 1, ¶ 10). In the weeks following the surgery, Defendant prescribed oral antibiotics after Swain's wound dehisced. (Doc. 1, ¶ 13). Swain became unsatisfied with the medical treatment provided by Defendant and sought treatment at St. Elizabeth's Hospital where he was initially diagnosed with an infection. (Doc. 1, ¶ 14). Despite being treated with IV antibiotics and undergoing a surgical removal of a portion of his right foot, the infection in his foot persisted and spread to his right leg. (Doc. 1, ¶ 15). As a result of the ongoing infection, Swain had his right leg amputated on March 6, 2019. (Doc. 1, ¶ 17).

     Plaintiffs filed suit on July 30, 2020, alleging two different counts of negligence and one count of loss of consortium. (Doc. 1). Additionally, Plaintiffs attached an Affidavit and a Certificate of Merit based on opinions provided by a health care professional to support the Complaint's allegations of inadequate medical care. (Doc. 1, p. 6-8). Plaintiffs do not identify the healthcare specialist, but the Affidavit states that the opinions are of "a healthcare specialist who . . . practices or has practiced within the last [six] years . . . in the same area of health care or medicine that is at issue and is qualified by experience or demonstrated competence in the subject of the case." (Doc. 1, p. 6 ¶ 2). Defendant filed a motion to dismiss on August 6, 2020, asserting that Plaintiffs failed to state a claim because the Affidavit and Certificate of Merit did not sufficiently comply with 735 ILCS § 5/2-622. (Doc. 5, ¶ 7). Specifically, Defendant argues that it is unclear whether the health professional that provided opinions regarding the existence of a meritorious claim is a podiatric physician. (Doc. 5, ¶ 6).

## ANALYSIS

Pursuant to 735 ILCS § 5/2-622(a)(1), when a healing art malpractice claim is filed against a defendant who is practicing podiatric medicine, the Affidavit and Certificate of Merit supporting a complaint must be based upon opinions provided by a health professional who is licensed to practice podiatric medicine. *See* 735 ILCS 5/2-622(a)(1). The statute specifically provides that "[i]f the affidavit is filed as to a defendant who is a . . . , a podiatric physician, . . . the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant." *Id.*

The requirements of 735 ILCS § 5/2-622(a)(1) reflect longstanding cases from the Illinois Supreme Court. In 1979, the Illinois Supreme Court held that, in order to testify as an expert on the standard of care in a given school of medicine, the witness must be licensed therein. *See Dolan v. Galluzoo,* 396 N.E.2d 13, 16 (Ill. 1979). Following *Dolan,* the Illinois Supreme Court established a subsequent requirement that the expert witness must show that he is familiar with the methods, procedures, and treatments ordinarily observed by other physicians, in either the Defendant physician's community or a similar community. *See Purtill v. Hess,* 489 N.E.2d 867, 872-873 (Ill. 1986). Additionally, the Illinois Supreme Court has reaffirmed *Dolan* and *Purtill* in subsequent years. *See Sullivan v. Edward Hospital,* 806 N.E.2d 645, 658 (Ill. 2004). Based on *Dolan, Purtill*, and the plain language of 735 ILCS § 5/2-622(a)(1), only a podiatric physician can offer a Certificate of Merit that will support an Affidavit from Plaintiffs' counsel because Dr. Cardenas, the Defendant, is in the profession of podiatry.

In this case, Plaintiffs' Affidavit and Certificate of Merit merely state that the

healthcare specialist practices, has practiced, teaches or has taught in the same area of health care or medicine that is at issue within the last six years. (Doc 1, p. 6 ¶ 2). To comply with the *Dolan* and *Purtill* standards, the health professional that provided an opinion must be a licensed podiatric physician and familiar with methods, procedures and treatments ordinarily observed by other physicians. Therefore, the Certificate of Merit falls short of the requirements in 735 ILCS § 5/2-622(a)(1). Although Defendant's motion to dismiss does not request the identity of the healthcare specialist, this Court herein clarifies that Plaintiffs need not reveal the identity of the specialist to comply with 735 ILCS § 5/2-622.

## Conclusion

For the above-stated reasons, this Court **GRANTS** Defendant's motion to dismiss. (Doc. 5). The Court **ALLOWS** Plaintiffs up to and including October 15, 2020, to amend the Certificate of Merit to comply with the requirements of 735 ILCS § 5/2-622(a)(1).

**IT IS SO ORDERED.**

Dated: September 24, 2020.

Digitally signed by Judge Sison 2
Date: 2020.09.24 08:31:24 -05'00'

GILBERT C. SISON
United States Magistrate Judge